UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ETTORE MAZZEI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DETECTIVE ARTHUR TRUSCELLI, Shield #691; DET. BRENDAN O'BRIEN; POLICE OFFICE JANE DOE; POLICE OFFICER JOHN DOE; DETECTIVE WILKINSON, NYC POLICE DEPARTMENT; NEW YORK CITY; POLICE OFFICER ACIERNO; DET. THOMAS CARUSO, Shield #348; NEW YORK CITY CORPORATION COUNSEL; and 10 UNDERCOVER COPS, 120th Precinct,<br><br>　　　　　　Defendants. | **MEMORANDUM AND ORDER**<br><br>No. 25-cv-74 (NRM) (CLP) |

**NINA R. MORRISON**, United States District Judge:

　　Plaintiff Ettore Mazzei, who is currently detained on Rikers Island, filed this *pro se* civil rights action on October 21, 2024 in the United States District Court for the Southern District of New York. ECF No. 1. The Southern District granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 2; ECF No. 5. The action was transferred to this Court on January 6, 2025. ECF No. 6.

　　Having reviewed the complaint, the Court now dismisses the City of New York, the Corporation Counsel, and the New York City Police Department as defendants. The action may proceed against the named police officers.

## BACKGROUND

The following factual allegations are taken from the complaint and are assumed to be true for purposes of this Order. Plaintiff was arrested at approximately 3:30 a.m. on May 22, 2024 on Targee Street on Staten Island. ECF No. 1 at 5. The arresting officers did not present him with a warrant for his arrest or tell him why he was being arrested. *Id.* Later that morning, he was questioned by a detective and threatened with violence and damage to his property, business, and family if he did not tell the officer "where the drugs are." *Id.* The officer did not read him his *Miranda* rights at that time. *Id.* Plaintiff states that this officer is "assumed to be Det. Brendan O'Brien (or) Det. Kevin Brown." *Id.* at 24.

Plaintiff was indicted for criminal sale of a controlled substance under Indictment No. 70363-24. *Id.* at 9. He states that he "was never caught with narcotics whether it be possession or sales during [a] 1.5[-]year investigation with over 125 cops and/or detectives and 7 month wiretap." *Id.* He claims that the issued warrants were based on "lies, suggestions and 'in my opinions.'" *Id.* at 10. Plaintiff's initial bail was set at $5 million. *Id.* at 9–10. He asserts that "king pins" get lower bail and that his co-defendants were given lower bail or released on their own recognizance. *Id.* at 9–10, 15.

Plaintiff states that Defendant Police Officers Wilkinson, D'Amato, Truscelli, O'Brien and John and Jane Does were involved in an incident on September 12, 2024, in which they mocked and threatened him when he refused to be fingerprinted in connection with a separate indictment, No. 70623-24, and denied his request to speak

2

to his attorney prior to fingerprinting. *Id.* at 11, 13, 17. He claims that he has been charged under five sealed indictments. *Id.* at 13, 18.

Plaintiff also claims that police officers and the New York City Police Department seized unspecified assets "before conviction." *Id.* at 13. He asserts that New York City's Department of Buildings shut down one of his businesses and assessed fines. *Id.* at 16.

Plaintiff states that these events caused him trauma and other emotional and psychological injuries and deprived him of liberty. *Id.* at 6. He seeks $8 million in damages and unspecified injunctive relief. *Id.*[1]

## DISCUSSION

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be

---

[1] Plaintiff filed a motion for summary judgment on April 16, 2025. ECF No. 9. On April 22, 2025, the Court denied Plaintiff's motion for summary judgment, without prejudice to re-file later in the litigation process, noting that Defendants had not yet been served with summons and the complaint. Order dated Apr. 22, 2025.

granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff's claims for violations of his constitutional rights may be cognizable under 42 U.S.C. § 1983, which provides procedures for redress for the deprivation of civil rights.  In order to maintain a civil rights action under § 1983, a plaintiff must allege several essential elements.  First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*  Further, a plaintiff seeking to recover money damages under § 1983 must establish that the named defendants were personally involved in the wrongdoing or misconduct described in the complaint. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).  A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. County. of Erie*, 654 F.3d

324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)), *cert. denied*, 565 U.S. 1259 (2012).  Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

In this case, Plaintiff names multiple individual defendants who appear to have acted under color of state law, but he also names the City of New York and two of its agencies.  ECF No. 1 at 1.  He does not allege that the City of New York, the New York City Police Department, or the New York City Corporation Counsel took any unconstitutional action against him or operated under a municipal policy or custom that caused the deprivation of his constitutional rights.  *See id.* at 5–6.  Accordingly, these City-related Defendants are dismissed from the complaint.

## CONCLUSION

Plaintiff's claims against the City of New York, the New York City Police Department, and Corporation Counsel are dismissed without prejudice.  Plaintiff's claims against the named individual police officers may proceed.[2]

The Clerk of Court is respectfully requested to issue summons against Defendants Truscelli, O'Brien, Wilkinson, Acierno, and Caruso; and the United

---

[2] Should Plaintiff later seek to raise specific claims against the unnamed Defendants, he may request to amend the complaint during the discovery process.

5

States Marshals Service shall serve the summons and complaint on these Defendants without prepayment of fees. The Court refers this matter to Magistrate Judge Cheryl L. Pollack for pretrial supervision. The parties may, if they all agree, consent to magistrate judge jurisdiction for all matters, pursuant to Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1. Fed. R. Civ. P. 73; L. Civ. R. 73.1.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully requested to send a courtesy copy of this Order to the Corporation Counsel, Special Federal Litigation Division, and to mail a copy of this order to Plaintiff.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:     July 10, 2025
           Brooklyn, New York